## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 5:13-CV-00174-CAR |
| Plaintiff | |
| vs | |
| CARMEN D. TREVITT, JR., BARBARA B. TREVITT, CHARLES B. HAYGOOD, JR., Individually and as Executor of the ESTATE OF JESSIE B. HAYGOOD, JACK L. HAYGOOD, ANNICE H. MYERS, f/k/a Annice H. Trevitt, and BRANCH BANKING AND TRUST COMPANY, a commercial bank subsidiary of BB&T Corporation, a North Carolina corporation, | |
| Defendants | |

**ANSWER OF CHARLES B. HAYGOOD, JR., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF JESSIE B. HAYGOOD, JACK L. HAYGOOD, AND ANNICE H. MYERS f/k/a ANNICE H. TREVITT**

Now come the named Defendants Charles B. Haygood, Jr., individually

and as Executor of the Estate of Jessie B. Haygood, Jack L. Haygood, and

Annice H. Myers f/k/a Annice H. Trevitt ("these Defendants"), and respectfully answer the Amended Complaint showing to the Court the following:

### FIRST DEFENSE

The Complaint fails to state a claim against these Defendants upon which any relief may be granted.

### SECOND DEFENSE;  ANSWER TO AMENDED COMPLAINT

Responding to the various allegations of the Amended Complaint, these Defendants answer as follows:

1.      These Defendants are without sufficient information to form a belief as to the truth or veracity of the first sentence of Paragraph 1 of the Amended Complaint, but on best information and belief have no valid reason to deny such allegations. However, as to the allegations in the second sentence of Paragraph 1 these Defendants, based upon their superior rights with regard to the Federal tax liens asserted deny that the rights of these Defendants in the property may be foreclosed upon and the property sold and the proceeds applied to the tax liabilities of other Defendants.

2.      These Defendants, based on best information and belief, do not deny the jurisdiction of this Court as set out in Paragraph 2 of the Amended Complainy, with regard to this matter, as to the subject matter, but these

Defendants deny that any such allegations give any rights or cause of action as against these Defendants.

3.      These Defendants do not have sufficient information to form a belief as to the truth or veracity of the allegations of Paragraph 3 of the Amended Complaint, but based upon best information and belief have no reason to deny the truth of such allegations, but these Defendants deny that any such allegations give any rights or cause of action as against these Defendants.

4.      These Defendants, based on best information and belief, admit the allegations of Paragraph 4 of the Amended Complaint, but these Defendants deny that any such allegations give any rights or cause of action as against these Defendants.

5.      Responding to the allegations of Paragraph 5 of the Amended Complaint, and based upon best information and belief, these Defendants admit those allegations, but deny such allegations give any rights or cause of action against these Defendants.

6.      Responding to the allegations of Paragraph 6 of the Amended Complaint, and based upon best information and belief, these Defendants

admit those allegations, but deny such allegations give any rights or cause of action against these Defendants.

7.    The allegations of Paragraph 7 of the Amended Complaint are admitted.

8.    The allegations of Paragraph 8 of the Amended Complaint are admitted.

9.    The allegations of Paragraph 9 of the Amended Complaint are admitted.

10.    The allegations of Paragraph 10 of the Amended Complaint are admitted.

11.    These Defendants do not have sufficient information to form a belief as to the truth or veracity of the allegations of Paragraph 11 of the Amended Complaint, but have no reason to deny such allegations based on the best information and belief.

12.    These Defendants admit the allegations of Paragraph 12 of the Amended Complaint.

13.    These Defendants admit the allegations of Paragraph 13 of the Amended Complaint.

14.     These Defendants admit the allegations of Paragraph 14 of the Amended Complaint.

15.     The allegations of Paragraph 15 of the Amended Complaint are admitted by these Defendants.

16.     The allegations of Paragraph 16 of the Amended Complaint are admitted by these Defendants.

17.     The allegations of Paragraph 17 of the Amended Complaint are admitted by these Defendants.

18.     The allegations of Paragraph 18 of the Amended Complaint are admitted by these Defendants.

19.     Responding to the allegations of Paragraph 19 of the Amended Complaint, these Defendants admit the allegations that Charles B. Haygood, Jr. is the Executor of the Estate of Jessie B. Haygood and a legatee under the Last Will and Testament of Jessie B. Haygood and as such he does claim an interest in the timber rights, protective covenants, and other such matters as set out in the deed with regard to Parcels 2 and 3.

20.     Responding to the allegations of Paragraph 20 of the Amended Complaint, these Defendants admit the allegations that Annice Haygood Myers f/k/a Annice H. Trevitt is a legatee under the Last Will and Testament of Jessie

B. Haygood and as such she does claim an interest in the timber rights, protective covenants, and other such matters as set out in the deed with regard to Parcels 2 and 3.

21.    Responding to the allegations of Paragraph 21 of the Amended Complaint, these Defendants admit the allegations that Jack L. Haygood is a legatee under the Last Will and Testament of Jessie B. Haygood and as such he does claim an interest in the timber rights, protective covenants, and other such matters as set out in the deed with regard to Parcels 2 and 3.

22.    These Defendants admit the allegations of Paragraph 22 of the Amended Complaint.

23.    These Defendants are without sufficient information to form an answer as to the allegations of Paragraph 23 of the Amended Compliant, but the allegations of Paragraph 23 do not relate to these Defendants.

24.    In response to the allegations of Paragraph 24 of the Amended Complaint, these Defendants are without sufficient information to form an answer to said paragraph, but the allegations do not relate to these Defendants.

25.    In response to the allegations of Paragraph 25 of the Amended Complaint, these Defendants are without sufficient information to form an

answer to said paragraph, but the allegations do not relate to these Defendants.

26.     These Defendants are without sufficient information to form an answer as to Paragraph 26 of the Amended Complaint, but the allegations do not relate to these Defendants.

27.     These Defendants are without sufficient information to form an answer as to Paragraph 27 of the Amended Complaint, but the allegations do not relate to these Defendants.

28.     These Defendants restate the responses and answers to the allegations of Paragraphs 1 through 27 of the Amended Complaint as if fully and separately set forth in response to Paragraph 28 of the Amended Complaint.

29.     These Defendants are without sufficient information to form an answer as to Paragraph 29 of the Amended Complaint, but otherwise would deny that the interest of these Defendants are limited.

30.     These Defendants are without sufficient information to form an answer as to Paragraph 30 of the Amended Complaint, but these Defendants do admit that the notice attached as Exhibit 4 to the Amended Complaint

appears to be a notice of Federal tax lien as filed with the Clerk of Monroe Superior Court on August 29, 2011.

31.    These Defendants are without sufficient information to form an answer as to Paragraph 31 of the Amended Complaint, but these Defendants do admit that the notice attached as Exhibit 5 to the Amended Complaint appears to be a notice of Federal tax lien as filed with the Clerk of Monroe Superior Court on September 19, 2011.

### THIRD DEFENSE

These Defendants seek a declaration of the Court that the rights of these Defendants be preserved as to the property sought to be foreclosed and sold.

Wherefore, having made answer to the Amended Complaint, these Defendants pray that their interests in the subject property be preserved or compensated, that these Defendants have judgment accordingly, and for such other relief as just and proper.

This 25th day of JULY , 2013.

Respectfully Submitted,

C. Robert Melton
State Bar No. 501500

Haygood, Lynch, Harris, Melton & Watson, LLP
PO Box 657
87 N. Lee Street
Forsyth, GA  31029
478 994-5171