IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | CASE NO.  5:13-cv-00174-CAR |
| | : | |
| CARMEN D. TREVITT, JR., | : | |
| BARBARA B. TREVITT, | : | |
| CHARLES B. HAYGOOD, JR., | : | |
| Individually and as Executor of the | : | |
| Estate of Jessie B. Haygood, | : | |
| ESTATE OF JESSIE B. HAYGOOD, | : | |
| JACK L. HAYGOOD, | : | |
| ANNICE H. MYERS, f/k/a Annice H. | : | |
| Trevitt, and BRANCH BANKING | : | |
| AND TRUST COMPANY, a commercial | : | |
| bank subsidiary of BB&T Corporation, | : | |
| a North Carolina corporation, | : | |
| | : | |
| Defendants. | : | |
| ———————————————— | : | |

**PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS**

**INTRODUCTION**

Plaintiff United States of America filed the underlying Complaint in this action to
reduce the tax liabilities of Defendants Carmen Trevitt and Barbara Trevitt to judgment
and to foreclose federal tax liens against their real property. These Defendants then filed

separate and essentially identical Counterclaims[1] (Docs. 9 & 10). Plaintiff now moves

pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) to dismiss Defendants'

Counterclaims on the following grounds.

## STATEMENT OF FACTS

Defendants' Counterclaims set forth the following as a basis for the requested

relief: (1) Plaintiff's Complaint lacks an accompanying affidavit; (2) the Court failed to

issue an arrest warrant against Defendants; (3) the United States failed to establish the

jurisdiction of the "Administrative Hearing Officer," by which Defendants apparently

mean undersigned counsel; (4) the jurisdiction of the Court is not "established on the

record"; (5) the United States failed to exhaust its administrative remedies; (6) the United

States failed to make an appearance; (7) Plaintiff failed to establish a basis for a criminal

action against Defendants; (8) the United States Marshals did not act within the scope of

their official duties in serving process in this case upon Defendants; (9) undersigned

counsel lacked authority to commence this action; (10) this action is invalid because there

is not a contract between the United States and Defendants; (11) the United States

proceeded to file this action without authorization from the Internal Revenue Service;

(12) the federal tax liens filed against the Defendants have procedural defects; and (13)

the assessments of federal tax against Defendants are invalid.

---

[1] The United States presumes that the Court will treat the Defendants' pleadings as counterclaims against the United States notwithstanding the designation of Defendants' status as "Counter-defendants" and Plaintiff's status as "Counter-plaintiff."

As a consequence of these and other facially incorrect allegations of fact and some additional vague and generalized allegations of violations of Defendants' constitutional rights, Defendants seek the following relief: (1) dismissal of the Complaint and monetary damages against the United States in the amount of $644,389.69, plus costs; (2) a declaratory judgment that Plaintiff[2] has committed fraud by filing its action and caused Defendants suffering; (3) a declaratory judgment that Plaintiff acted contrary to law through undersigned counsel's actions outside the scope of his authority; and (4) a declaratory judgment against Plaintiff stating that it has committed unspecified constitutional violations against Defendants.[3]

Defendants' claims are confused and unclear. Defendants state no basis for the Court's jurisdiction and cite no authority for the claims they assert, although the first sentence of the Counterclaims shows that they are aware of the Federal Rules of Civil Procedure.[4] The facts that are alleged do not form a basis for the claimed relief and the Counterclaims do not state a cause of action against the United States.

---

[2] Defendants refer to undersigned counsel (and his "agents, agencies, and the privateers for those agencies"), but a suit against counsel for the United States acting in his official capacity is in essence a suit against the United States. *E.g., Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

[3] Defendants have also sought a trial by jury as to the Counterclaims only. However, there is no statutory basis for a jury trial under any of the possible claims asserted therein. The jury demand is not addressed here in detail because it of necessity falls along with the claims asserted in the Counterclaims.

[4] Defendants filed a suit in retaliation against IRS Revenue Officer K.O. Justice in the Superior Court of Monroe County, Georgia for his efforts to collect the Trevitts' unpaid, assessed federal income taxes. The United States removed the case to the district court on January 4, 2012, in *Trevitt v. Justice*, Case No. 5:12-cv-00006-MTT (M.D. Ga.). The detailed arguments in the motion to dismiss filed in that case (Doc. 6) support the view that the Trevitts fully understand that their contentions here lack any merit. They filed a notice of voluntary dismissal on February 27, 2012 (Doc. 8).

**ARGUMENT**

**I.      The Court lacks subject matter jurisdiction over Defendants' claims for relief.**

The United States of America, as sovereign, is immune from suit unless it has consented to be sued. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). Further, the United States may define the terms and conditions upon which a litigant may proceed. *United States v. Testan*, 424 U.S. 392, 399 (1976); *see also Library of Congress v. Shaw*, 478 U.S. 310, 318 (1986). Waivers of sovereign immunity are to be strictly construed and no exceptions implied. *Testan*, 424 U.S. at 399; *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992); *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 94 (1990). In the absence of clear congressional intent, the courts routinely find no jurisdiction to entertain suits against the United States and dismiss any such actions. *United States v. Mitchell*, 445 U.S. 535, 538-39 (1980). Thus, in the absence of a clear waiver of the United States' sovereign immunity, Defendants' counterclaims must be dismissed. *United States v. Kaplowitz*, 201 Fed. Appx. 659, 662-63 (11th Cir. 2006).

Subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can be challenged facially or factually. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "Facial attacks" on the complaint "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Id.* at 1529 (*quoting Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)). "On a facial attack, a plaintiff is afforded safeguards similar to those

4

provided in opposing a Rule 12(b)(6) motion." *Id.* Those safeguards cannot save Defendants' counterclaims here, however, because Defendants have not pointed to an applicable waiver of sovereign immunity permitting them to recover damages or any other relief against the United States. Defendants may intend to bring an action under the Federal Tort Claims Act ("FTCA") for a tort allegedly committed while service of process was being effected against them. The FTCA waives sovereign immunity in making the United States liable for "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment . . . ." 28 U.S.C. § 1346(b). Under the FTCA's waiver, the United States may be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances . . . ." 28 U.S.C. § 2674. But the FTCA's waiver of sovereign immunity is limited and does not extend to "any claim arising in respect of the assessment or collection of any tax . . . ." 28 U.S.C. § 2680(c); *Al-Sharif v. United States*, 296 Fed. Appx. 740, 742 (11th Cir. 2008). Further, under the FTCA, a litigant must exhaust administrative remedies before filing suit, *McNeil v. United States*, 508 U.S. 106, 112 (1993), which Defendants have not alleged. Hence, any claim under the FTCA must be dismissed for lack of jurisdiction.

Similarly, to the extent that Defendants' counterclaims seek a declaratory judgment, the Declaratory Judgment Act, 28 U.S.C. § 2201(a), prohibits relief relating to federal taxes. While it authorizes federal courts to issue declaratory judgments, it does so

"except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code 1986. . . ."[5] Thus, under the Declaratory Judgment Act, suits for declaratory relief in federal tax cases, aside from limited exceptions not applicable here, are not permissible. *See, e.g., Ishler v. Internal Revenue*, 237 Fed. Appx. 394, 396-97 (11th Cir. 2007); *Hobson v. Fischbeck*, 758 F.2d 759 (11th Cir. 1985). Therefore, this Court lacks jurisdiction to grant a declaratory judgment to the extent the Counterclaims seek relief pertaining to the Government's assessment of, or attempts to collect, their federal tax liabilities.

In addition to citing no jurisdictional statute that would authorize their counterclaims, Defendants have cited no section of the Internal Revenue Code, or any other provision of the United States Code, that would authorize such claims. And there is ample authority that vague, generalized claims of constitutional violations cannot stand against federal officers absent concrete factual allegations of the violation of a specific, clearly established federal statutory or constitutional right of which a reasonable person would have known. *See, e.g., Kelly v. Curtis*, 21 F.3d 1544, 1550 (11th Cir. 1994).

Moreover, actions for monetary damages in matters pertaining to the collection of federal tax by the IRS are strictly constrained by the Internal Revenue Code. *See Sande v. United States*, 323 Fed. Appx. 812 (11th Cir. 2009) (section 7433 is the exclusive remedy to recover damages arising from unauthorized collection of federal tax). Congress has

---

[5] Section 7428 of the Internal Revenue Code addresses declaratory judgments relating only to the status and classification of organizations under 26 U.S.C. § 501(c)(3).

provided specific remedies under the Internal Revenue Code that preclude *Bivens*-style[6] actions in federal tax collection actions. *E.g., Al Sharif v. United States*, 296 Fed. Appx. 740 (11th Cir. 2008); *Vennes v. An Unknown Number of Unidentified Agents*, 26 F.3d 1448, 1454 (8th Cir. 1994), *cert. denied*, 513 U.S. 1076 (1995). These remedies also require administrative exhaustion with the Internal Revenue Service, which Defendants have not alleged. 26 U.S.C. § 7433(d); 26 C.F.R. § 301.7433-1(d). Accordingly, this Court lacks subject matter jurisdiction over Defendants' Counterclaims.

**II.     Defendants have failed to state a claim upon which relief may be granted.**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, the district court must accept the factual allegations in the complaint as true and construe them in a light most favorable to the non-moving party. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1269 (11th Cir. 2009). A plaintiff need only allege facts "detailed enough to nudge his claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

---

[6] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

Defendants' claim that the United States committed a fraud or a criminal act against them by filing a suit to collect unpaid taxes and foreclose federal tax liens is implausible on its face. Defendants imply that they are the subject of fraud because they are somehow immune from the internal revenue laws of the United States, the action was not authorized, or because the IRS is not a legitimate executive agency. Defendants cite no statutory or other legal authority for their claims. Indeed, there is none, as Defendants' claims are nothing more than tax-defier gibberish, and "we perceive no need to refute [their] arguments with somber reasoning and copious citation of precedent." *Crain v. Comm'r*, 737 F.2d 1417, 1417 (5th Cir. 1984).

Defendants declined to respond to the waivers of service of the summons mailed to them with the Complaint. Consequently, the United States was forced to arrange for service of process upon them personally. Notwithstanding Defendants' contentions, an arrest is not required to properly serve civil process, and therefore service of process here was not defective because an arrest warrant did not issue from this Court.

The undersigned Trial Attorney is not an administrative hearing officer, but lead counsel of record, and he is authorized by statute to appear and file complaints in the courts of the United States on behalf of the IRS at the behest of the United States Attorney General or his duly appointed delegate. *See* 28 U.S.C. §§ 516, 517; *Huff v. United States*, 10 F.3d 1440, 1443-44 (1993), *cert. denied*, 512 U.S. 1219 (1994); *United States v. Smith*, 2002 WL 31174188, *3 (S.D. Ohio Aug. 23, 2002). Nor is the United States required to "exhaust administrative remedies" when filing a federal tax collection action against individuals. The federal income tax liabilities the United States seeks to

collect did not arise because of a contract between the United States and Defendants, but by virtue of assessments made in accordance with the Internal Revenue Code. And Plaintiff properly alleged in paragraph 3 of its Complaint that this action was authorized by the Attorney General and requested by the Chief Counsel of the Internal Revenue Service—sufficient authorization under 26 U.S.C. § 7401 to commence this action. And nothing in the Federal Rules Procedure requires the United States to file a verified complaint in this context, or submit an affidavit with its complaint. *See* Fed. R. Civ. P. 7, 8(a), 10.

Defendants' allegations do not even state a colorable basis for their claims for monetary damages and a declaratory judgment against the United States. Defendants' allegations appear to concern the filing of a complaint to collect federal tax against them, whether that complaint was authorized, and whether service of process upon them was authorized or conducted in a manner acceptable to them. But these allegations wholly fail to state a claim under *Iqbal* and *Twombly*.

WHEREFORE, the United States respectfully asks that this Court dismiss Defendants' Counterclaims for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General


By:     *s/ Bruce T. Russell*
         Bruce T. Russell
         Ala. Bar No. ASB-2681-R76B
         Trial Attorney, Tax Division
         U.S. Department of Justice
         Post Office Box 14198
         Ben Franklin Station
         Washington, D.C. 20044
         (202) 514-5900
         (202) 514-9868 (facsimile)
         bruce.t.russell@usdoj.gov
         *Attorneys for the United States*

MICHAEL J. MOORE
United States Attorney
*Of Counsel*

10

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2013, I electronically filed the foregoing

document by using the CM/ECF system. I certify that the following parties or their

counsel of record are registered as ECF Filers and that they will be served by the

CM/ECF system:

> C. Robert Melton
> Haygood, Lynch, Harris, Melton & Watson, LLP
> 87 N. Lee Street
> Forsyth, Georgia 31029
> *Attorneys for Charles B. Haygood, Jr.,*
> *Jack L. Haygood and Annice H. Myers*

I further certify that on the same date I served a copy of the foregoing document

on the following parties United States mail, first-class postage prepaid:

> Carmen D. Trevitt
> Barbara B. Trevitt
> Pro Se
> 4072 Hwy. 83 S.
> Forsyth, Georgia 31029

> *s/ Bruce T. Russell*
> Trial Attorney, Tax Division
> U.S. Department of Justice

11