IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  :<br>  :<br>    Plaintiff,  :<br>  :<br>v.  :<br>  :<br>CARMEN D. TREVITT, JR.,  :<br>BARBARA B. TREVITT, *et al.*,  :<br>  :<br>    Defendants.  :<br>_____ :<br>CARMEN D. TREVITT, JR. and  :<br>BARBARA B. TREVITT,  :<br>  :<br>    Counter-Claimants,  :<br>  :<br>v.  :<br>  :<br>UNITED STATES OF AMERICA,  :<br>  :<br>    Counter-Defendant.  :<br>_____ :<br>BRANCH BANKING AND TRUST  :<br>COMPANY,  :<br>  :<br>    Cross-Claimant,  :<br>  :<br>v.  :<br>  :<br>CARMEN D. TREVITT, JR. and  :<br>BARBARA B. TREVITT,  :<br>  :<br>    Cross-Defendants.  :<br>_____: | No. 5:13-CV-174 (CAR) |

# ORDER GRANTING THE GOVERNMENT'S MOTION TO DISMISS BUT DENYING THE TREVITTS' MOTION FOR SUMMARY JUDGMENT AND MOTIONS TO STRIKE

Before the Court are the Government's Motion to Dismiss [Doc. 13] the Counterclaims of *pro se* Defendants Carmen and Barbara Trevitt as well as Defendants Carmen and Barbara Trevitt's Motion for Summary Judgment [Doc. 20], Motion to Set a Hearing on the Motion for Summary Judgment [Doc. 30], and Motions to Strike [Docs. 27 & 29].  Having reviewed the Motions, the Parties' arguments, and the applicable law, the Government's Motion to Dismiss [Doc. 13] is hereby **GRANTED**, and the Counterclaims [Docs. 9 & 10] are **DISMISSED for lack of subject matter jurisdiction**.  Defendants Carmen and Barbara Trevitt's Motion for Summary Judgment [Doc. 20], Motion to Set a Hearing on the Motion for Summary Judgment [Doc. 30], and Motions to Strike [Docs. 27 & 29] are **DENIED**.

## FACTUAL AND PROCEDURAL BACKGROUND

The Government filed the present action pursuant to 26 U.S.C. §§ 7401, 7402, and 7403, seeking to reduce the federal income tax liabilities of Defendants Carmen and Barbara Trevitt (hereinafter the "Trevitts") to judgment and to foreclose federal tax liens against certain real property.  On July 23, 2013, the Trevitts, proceeding *pro se*, filed separate but nearly identical Counterclaims.  Although the Trevitts' allegations are unclear and virtually indecipherable, it appears the Trevitts allege (1) the liens filed by

the Government are procedurally deficient, (2) the tax assessments on which the liens are based are inaccurate, and (3) the Government and its agents committed various common law and constitutional torts by filing "fraudulent liens," initiating this action to foreclose on those liens, and serving the Trevitts with process.[1] The Trevitts request the Court dismiss the complaint and award monetary damages against the Government in the amount of $644,389.69. Additionally, the Trevitts seek the Court to declare that (1) the Government and its counsel acted outside the scope of their authority and committed fraud by commencing this action, and (2) the Government violated their constitutional rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments in the prosecution of this case.

On August 6, 2013, the Government filed the instant Motion to Dismiss the Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Thereafter, on September 25, 2013, the Trevitts filed a Motion for Summary Judgment on the ground that the Government "defaulted" by failing to file a timely responsive pleading to their Counterclaims. After the Government responded to the Motion for Summary Judgment, the Trevitts filed a Motion to Strike that response. When the Government responded to the Motion to Strike, the Trevitts again moved to strike the Government's response. These motions are now ripe for review.

---

[1] Construed liberally, the common law tort claims include fraud, trespass in effectuating service, and breach of fiduciary duty. The constitutional tort claims against the Government and its agents include alleged violations of the rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments.

3

**THE TREVITTS' MOTION FOR SUMMARY JUDGMENT**

In their Motion for Summary Judgment, the Trevitts contend they are entitled to judgment as a matter of law because the Government failed to file a timely responsive pleading to their respective Counterclaims.  However, the law clearly states that the filing of a motion under Rule 12, including a motion to dismiss, tolls the applicable period for filing a responsive pleading until the Court has had an opportunity to rule on the motion.[2]

The Government timely filed its Motion to Dismiss pursuant to Rule 12, therefore an answer to the Counterclaims is not required until the Court rules on the Motion to Dismiss.  Accordingly, the Trevitts' Motion for Summary Judgment is **DENIED**.[3]

**THE GOVERNMENT'S MOTION TO DISMISS**

The Government maintains the Trevitts' Counterclaims must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction or, alternatively, pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. Because the Court finds that it lacks subject matter jurisdiction to consider the merits of

---

[2] Fed. R. Civ. P. 12(a)(4)(A) ("Unless the court sets a different time, serving a motion under this rule alters these periods as follows: (A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action[.]");  *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) ("[Defendant] filed its motion as a Rule 12(b)(6) dismissal motion, . . . which clearly does toll the time to answer."); *Eidson v. Arenas*, 837 F. Supp. 1158, 1160 (M.D. Fla. 1993) ("Defendants' Rule 12 Motion tolled Defendants' time to file an answer until issuance of an Order by this Court.").

[3] A hearing on the Motion for Summary Judgment is unnecessary to the Court's analysis.  Thus, the Trevitts' Motion to Set a Hearing on the Motion for Summary Judgment [Doc. 30] is **DENIED**.

the Counterclaims, the Government's Motion to Dismiss must be granted, and the Court need not consider the 12(b)(6) grounds for dismissal.

A motion to dismiss for lack of subject matter jurisdiction can take the form of either a facial or factual attack on the Court's exercise of jurisdiction.[4] The Government in this case asserts a facial attack, arguing that the facts as alleged in the Counterclaims fail to demonstrate the Court has jurisdiction. On a facial challenge, the Court accepts all allegations as true in order to determine if the claimant alleged sufficient facts to support the exercise of subject matter jurisdiction.[5] In so doing, the Court remains mindful that "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed."[6] However, "[e]ven with *pro se* litigants, 'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.'"[7]

The Government argues that because the Trevitts' Counterclaims fail to cite to an applicable waiver of sovereign immunity, this Court lacks jurisdiction to consider the Counterclaims on the merits. The Court agrees, and the Counterclaims must be dismissed.

---

[4] *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).
[5] *Id.* at 1529.
[6] *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).
[7] *United States v. Korman*, 07-80998-CIV, 2008 WL 5662165, at *3 (S.D. Fla. Nov. 5, 2008) (quoting *Aldana v. Del Monte Fresh Produce, N.A.*, 416 F.3d 1242, 1246 (11th Cir. 2005)).

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."[8]  "A waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'"[9]  "[A] party who sues the United States has the burden of identifying specific statutes waiving the government's sovereign immunity and showing that the requirements of such statutes have been met."[10]  Moreover, any proposed waiver "must be construed strictly in favor of the sovereign."[11]

In the case *sub judice*, the Trevitts' arguments purporting to show the Government has effectively waived sovereign immunity are without merit.  First, the Trevitts argue that by initiating this action to collect overdue taxes, the Government is engaging in a private or commercial enterprise and has, therefore, waived immunity.  Indeed, courts have recognized that the Government may waive its immunity by partaking in private sector ventures.[12]  However, the collection of tax revenue is a

---

[8] *United States v. Mitchell*, 463 U.S. 206, 212 (1983).
[9] *Bufkin v. United States*, 522 F. App'x 530, 531 (11th Cir. 2013) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).
[10] *MacElvain v. United States*, 02-A-0102-N, 2002 WL 31409568, at *3 (M.D. Ala. Sept. 5, 2002) (citing *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981)).
[11] *United States v. Nordic Village*, 503 U.S. 30, 34 (1992) (internal quotation marks and citation omitted).
[12] *See, e.g., Loeffler v. Frank*, 486 U.S. 549, 555 (1988) (quoting *Fed. Hous. Admin., Region No. 4 v. Burr*, 309 U.S. 242, 245 (1940)) ("[W]hen Congress launche[s] a governmental agency into the commercial world and endow[s] it with authority to 'sue or be sued,' that agency is not less amenable to judicial process than a private enterprise under like circumstances would be."); *see also Honduras Aircraft Registry, Ltd. v. Gov't of Honduras*, 129 F.3d 543, 548 (11th Cir. 1997) ("A foreign state loses its immunity if it engages in commercial activity . . . because then it is exercising the same powers that a private citizen might exercise.").

traditional government activity, not a private enterprise.[13]   Thus, the Government has not waived immunity under this theory.

Second, the Trevitts seem to argue that the Government has waived its immunity under the Federal Tort Claims Act (the "FTCA") with respect to their common law tort claims and under the Federal Employees Liability Reform and Tort Compensation Act (a.k.a. the "Westfall Act") with respect to their constitutional tort claims.[14]   As to the common law tort claims, the FTCA provides a limited waiver of sovereign immunity for civil actions stemming from "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."[15]   However, "the [FTCA] expressly provides that it does not apply to '[a]ny claim arising in respect of the assessment or collection of any tax[.]'"[16]   Thus, the FTCA does not provide a basis for the Court to consider the merits of the Trevitts' common law tort claims.[17]

---

[13] "The power to tax 'is an incident of sovereignty[.]'" *Int'l Harvester Co. v. Wisconsin Dep't of Taxation*, 322 U.S. 435, 444 (1944) (quoting *McCulloch v. Maryland*, 17 U.S. (4 Wheat.) 316, 429 (1819)).

[14] Although the Trevitts do not directly reference the FTCA in their second argument, the FTCA is directly implicated by their reference to the Westfall Act because "[t]he Westfall Act amended the FTCA to make an action against the United States the exclusive remedy for money damages for any injury arising from the 'negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment.'" *Operation Rescue Nat'l v. United States*, 975 F. Supp. 92, 100 (D. Mass. 1997) (citing 28 U.S.C. § 2679(b)(1)), *aff'd,* 147 F.3d 68 (1st Cir. 1998).

[15] 28 U.S.C. § 1346(b)(1).

[16] *Al-Sharif v. United States*, 296 F. App'x 740, 742 (11th Cir. 2008) (citing 28 U.S.C. § 2680(c)).

[17] Even if the FTCA provided an applicable waiver of sovereign immunity, the Trevitts' claims would be barred because they have failed to allege or argue that they exhausted their administrative remedies, as required to raise FTCA claims. *McNeil v. United States*, 508 U.S. 106, 112-13 (1993) (citing 28 U.S.C. § 2675(a)).

7

As to their constitutional tort claims, the Trevitts argue that, by enacting the Westfall Act, Congress intended to preserve judicial review of constitutional tort claims against federal government employees through *Bivens* actions.[18]  While the Court does not disagree with this general proposition, as explained below, binding precedent in this Circuit precludes the exercise of jurisdiction over the specific constitutional tort claims raised in this case.

To the extent the Trevitts attempt to raise *Bivens* claims against the Government, the law is clear that *Bivens* actions cannot be maintained directly against the United States or its agencies.[19]  *Bivens* actions may only be maintained against individual federal agents or employees in their individual capacities.[20]  In this case, the Trevitts refer to Plaintiff's counsel as well as other unnamed "agents" who allegedly violated their constitutional rights by filing these tax liens and initiating this action.  Despite referencing these individuals in their Counterclaims, the Trevitts neither added them as parties nor properly served them.  Even if the Trevitts had added these individuals as parties, however, a *Bivens* action could not stand against them.  The Eleventh Circuit has explicitly held that a *Bivens* action cannot be maintained against agents of the

---

[18] "Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), an individual may bring a cause of action 'against a federal agent who, while acting under the color of federal law, has violated the constitutional rights of [the] individual.'" *Al-Sharif*, 296 F. App'x at 741 (quoting *Hardison v. Cohen*, 375 F.3d 1262, 1264 (11th Cir. 2004)).

[19] *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009).

[20] *Nalls*, 307 F. App'x at 297.

Internal Revenue Service for their conduct in assessing and collecting taxes, given that other Code provisions provide "adequate statutory avenues for relief."[21] Specifically, taxpayers may challenge tax assessments under 28 U.S.C. § 1346(a)(1) and wrongful collection activities under 26 U.S.C. § 7433(a).[22] The Trevitts have not pursued either of these statutory remedies.[23] Since the Trevitts raise *Bivens* claims arising from tax assessment and collection activities for which other statutory provisions provide an adequate remedy, the Court does not have jurisdiction to consider the merits of their *Bivens* claims.

Finally, the Trevitts argue that the Government has waived its sovereign immunity with respect to their Counterclaims for declaratory relief because the Government has failed to follow the rules and regulations of the Internal Revenue Service. The Trevitts fail to cite to any statutory authority supporting their third and final argument. Moreover, the Declaratory Judgment Act specifically precludes

---

[21] *Al-Sharif*, 296 F. App'x at 742.
[22] *Id.*
[23] To the extent the Counterclaims can be liberally construed to include claims under these statutes, their claims fail because the Trevitts have not fulfilled the procedural requirements of either statute. To challenge the tax assessment under 28 U.S.C. § 1346(a)(1), the taxpayer must first pay the amount of the contested tax liability. *Ishler v. Internal Revenue*, 237 F. App'x 394, 398 (11th Cir. 2007). To challenge wrongful collection activities under 26 U.S.C. § 7433(a), the taxpayer must first exhaust his or her administrative remedies within the Internal Revenue Service. 26 U.S.C. § 7433(d). The Trevitts have not alleged payment or exhaustion of their administrative remedies.

declaratory relief "with respect to Federal taxes[.]"[24]  In light of this specific prohibition and no statutory authority providing a separate basis for the exercise of jurisdiction, the Trevitts' third argument fails.

Having liberally construed the allegations raised in the Counterclaims and the Parties' arguments, the Court finds no statutory authority that would allow the Counterclaims to proceed.  As such, the Counterclaims must be dismissed for lack of subject matter jurisdiction.  Accordingly, Plaintiff's Motion to Dismiss is hereby **GRANTED**, and the Counterclaims [Docs. 9 & 10] are **DISMISSED**.

## THE TREVITTS' MOTIONS TO STRIKE

The Trevitts also move the Court to strike certain statements in the Government's responses to their Motion for Summary Judgment and Motion to Strike pursuant to Rule 12(f).  In support of their Motions to Strike, the Trevitts argue certain statements in Plaintiff's briefs should be struck from the record because these statements contain inappropriate characterizations of the Trevitts' arguments as "discredited tax protest arguments" and impermissible testimony of the Government's counsel.

Rule 12(f) allows a court to "strike from a <u>pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  A "pleading" within the

---

[24] 28 U.S.C. § 2201(a).  The Declaratory Judgment Act contains a limited exception to this declaratory relief prohibition for actions brought pursuant to Section 7428 of the Internal Revenue Code.  However, Section 7428 deals with the classification of organizations for tax purposes and is not applicable to the case at bar.

meaning of the Federal Rules of Civil Procedure is limited to "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer."[25] Briefs submitted in opposition to or in support of motions do not constitute pleadings within the definition so provided. Therefore, the Trevitts' reliance on Rule 12(f) as a procedural vehicle to strike the Government's briefs is misplaced.[26] Accordingly, their Motions to Strike [Docs. 27 & 29] are **DENIED**.

## CONCLUSION

In sum, the Government's Motion to Dismiss [Doc. 13] is **GRANTED**, and the Trevitts' Counterclaims [Docs. 9 & 10] are **DISMISSED for lack of subject matter jurisdiction**. Furthermore, the Trevitts' Motion for Summary Judgment [Doc. 20], Motion to Set a Hearing on the Motion for Summary Judgment [Doc. 30], and Motions to Strike [Docs. 27 & 29] are **DENIED.**

---

[25] Fed. R. Civ. P. 7(a) (emphasis added).
[26] *Chavez v. Credit Nation Auto Sales, Inc.*, -- F. Supp. 2d -- , 1:13-CV-312-WSD-JCF, 2013 WL 4482519, at *7 (N.D. Ga. Aug. 19, 2013) (citing *Circle Group, LLC v. Se. Carpenters Reg'l Council*, 836 F. Supp. 2d 1327, 1349 (N.D. Ga. 2011)).

11

**SO ORDERED,** this  11th day of February, 2014.

S/  C. Ashley Royal
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

ADP/ssh/bbp